# EXHIBIT 1

## **SETTLEMENT AGREEMENT AND WAIVER/RELEASE**

This Settlement Agreement and Waiver/Release ("Agreement") is entered into between ENRIQUE QUINTO, JORGE QUIROZ (hereafter, "Plaintiffs") and MJK SOUTH LOOP, INC., and JULIUS JOKIMAS (hereafter "Defendants"). Plaintiffs and Defendants are collectively referred to as "the Parties."

Plaintiffs filed a Complaint against Defendants in the United States District Court for the Northern District of Illinois, Case No. 16-CV-4597 (the "Lawsuit"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216, and the Illinois Minimum Wage Law, 820 ILCS 105/12.

Defendants deny the claims alleged in the Lawsuit, including without limitation any allegations that its business practices violated its obligations under any employment laws.

Plaintiffs and Defendants now desire to avoid further litigation between them and, by this Agreement, intend to resolve all disputes, claims and controversies between them, including, without limitation, all matters raised or that could have been raised in Plaintiffs' Lawsuit.

By entering into this Agreement, no Party admits or acknowledges that it has done anything wrong, and this Agreement shall not in any way be construed as an admission of fault or liability.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

**1.     Consideration**

A.     In consideration for the promises in this Agreement, Defendants shall pay Plaintiffs and their attorneys the total combined sum of Ten Thousand Five Hundred Dollars ($10,500.00) in seven equal monthly payments beginning with the later of (i) October 2, 2017 or (ii) ten days after the Parties sign this Agreement, provide W-9s to Defendants, and the Court approves the party's settlement agreement. Each of these shall be deemed conditions must occur before the settlement payments are due.

B.     The seven monthly payments shall be delivered to Plaintiffs' Counsel (Consumer Law Group, LLC at 6232 N. Pulaski Rd., Suite 200, Chicago IL 60646). Each payment shall be paid in the amount of $1,500 made out to Plaintiff's Counsel "Consumer Law Group, LLC" to be distributed to each Plaintiff and/or Plaintiffs' Counsel. The first payment shall be made in accordance with Paragraph 1.A, and the other six payments shall be made on November 1, 2017, December 1, 2017, January 2, 2018, February 1, 2018, March 1, 2018, and April 2, 2018 so long as all conditions required hereunder have been met.

C.     Defendants shall issue Plaintiffs and Plaintiffs' Counsel Form 1099s for the payments at the time when Defendants issue such forms in the ordinary course of business. Plaintiffs and Plaintiffs' Counsel shall provide Defendants with a fully and accurately completed and executed Form W-9 prior to issuance of the payments identified in Paragraphs 1.A and 1.B. Defendants make no representation as to the tax consequences or liability arising from the payments. The parties agree that: (i) each shall be solely responsible for all federal, state, and/or

local tax liability, if any, arising from payments they receive pursuant to this Agreement, including any interest or penalties associated with tax liability, and Plaintiffs will not look to or seek from the Defendants any tax liability or related costs he incurs as a result of the settlement payments herein and (ii) no tax advice has been provided whatsoever by the Defendants or their attorneys.

        D.      Each Party is responsible for its own fees and costs related to the Lawsuit.

        E.      <u>Acknowledgement of Sufficiency of Consideration</u>. Plaintiffs acknowledge that the consideration in this Agreement is fair consideration, and represents full settlement of all claims that were or could have been made against the Defendants.

## 2.   Approval by Court

Within ten (10) business days after the parties execute this agreement, the parties will file a joint motion asking the Court to approve this Settlement as fair and reasonable and to dismiss the case with prejudice. In the event that the Court does not approve this Agreement as fair and reasonable or if the Agreement does not become final for any other reason, then this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall be treated as void ab initio. In such event, the parties hereto and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed. The parties shall request the approval of the Order that is attached hereto as Exhibit A.

## 3.   Non-Disparagement

Plaintiffs will not, at any time from and after the date of this agreement, directly or indirectly disparage Defendants or any business or activities conducted by Defendants or any shareholder, director, officer, member, manager, partner, employee, or agent of Defendants, in connection with, or relating to the lawsuit or this Agreement. In the event Defendants are contacted by prospective employers of Plaintiffs, Defendants will respond in a neutral manner to any reference requests by anyone other than the Defendants or the Releasees. Defendants will communicate only the dates of Plaintiff's employment. Defendants will communicate no further information about Plaintiffs to anyone.

## 4.   Release

Plaintiffs, and any person or entity who may claim by or through either of them, hereby covenant not to sue and release and forever discharges the Defendants and all attorneys, agents, and representatives and related entities, including any other Sarpino's entity (collectively the "Company Released Parties"), from any and all claims, debts, demands, accounts, judgments, rights, causes of action, declaratory judgments, equitable relief, damages, costs, penalties, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected (collectively, "Claims"), which Plaintiffs have or may have had against the Company Released Parties based on any events, circumstances or omissions occurring on or prior to the date

hereof, including without limitation events, circumstances, or omissions arising directly or indirectly out of, relating to, or in any other way involving Plaintiffs' work for the Defendants or termination thereof in any manner whatsoever. Plaintiffs understand and agrees that they are releasing the Defendants from any and all claims by which they are giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by them or on their behalf. This release does not extend to claims that are non-waivable under the law.

Plaintiffs represents that, as of the date they sign this Agreement, neither has filed any other claims against the Defendants (other than the Illinois Department of Labor Charge filed by Quinto which has been dismissed) in any other forum or proceeding and neither is aware of any other claims pending.

**The Parties agree and acknowledge that the release and waiver set forth herein shall not prevent Plaintiffs from participating in or cooperating with any state or federal agency, including the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB") or the Illinois Human Rights Commission ("IHRC"), investigation or charge of discrimination.** However, Plaintiffs understand and agree that they are releasing the Defendants from any and all claims by which they are giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by them or on their behalf

Plaintiffs specifically acknowledge and agree that they have been paid all wages, overtime, commissions, minimum wages, or other compensation owed, and that Plaintiffs have no further or additional compensation claims against the Defendants. Plaintiffs further specifically acknowledge and agrees that they are waiving, on behalf of Plaintiffs and Plaintiffs' attorneys, all claims for fees and expenses and court costs.

Defendants covenant not to sue and release and forever discharges the Plaintiffs from any and all claims, debts, demands, accounts, judgments, rights, causes of action, declaratory judgments, equitable relief, damages, costs, penalties, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected, which Defendants have or may have had against the Plaintiffs based on any events, circumstances or omissions occurring on or prior to the date hereof. This release does not extend to claims that are non-waivable under the law.

5.   **Non-Admission**

The Parties agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendants. Plaintiffs and Defendants further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the parties or unless ordered by a court of competent jurisdiction), except one instituted by any Party alleging a breach or seeking enforcement of the terms and provisions of this Agreement.

6. **Dismissal.**

The parties stipulate and consent to the immediate filing of a stipulation of voluntary dismissal of all claims without prejudice to convert to a dismissal with prejudice on April 30, 2018 unless any motion to reinstate is filed on or before April 30, 2018.

7. **Consent Judgment and Cure Period.**

Defendants agree to sign the Consent Judgment attached hereto as Exhibit B. Plaintiffs, by and through their attorneys, agree not to file the Consent Judgment with the Court unless Defendants fail to make any payment described in Paragraphs 1.A or 1.B and if Plaintiffs have fully complied with the requirements of Paragraph 1.A. Additionally, prior to filing Exhibit B, the Plaintiffs or their counsel must give written notice to Defendants with a copy to Defenedants' counsel of any default and must allow Defendants a five (5)-day period within which to cure any such default.

8. **Confidentiality**.

The Parties will not disclose any information regarding the existence or substance of this Agreement, except to their financial advisor, their spouse, and their attorneys, all of whom (prior to disclosure) will likewise agree to maintain the confidentiality of such information, and the Parties warrant that they have not made any such disclosures since this Agreement was presented to them.

9. **Assumption of Liability by Plaintiffs.**

Plaintiffs agree to assume and pay or otherwise resolve all claims, bills, expenses, and liens, including any liens of their attorneys arising from this matter and/or all medical, psychological, psychiatric, rehabilitative, hospital, institutional, or other care and treatment, benefits and related services, supplies, drugs, medication, including, but not limited to, any potential subrogated or assigned claims, bills, or expenses paid for by any third-party insurance carrier, including, but not limited to any and all liens associated with Medicaid or any other public or private insurer.

10. **Full Knowledge, Consent, and Voluntary Signing**

The Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Agreement; and the Parties have been advised to consult with an attorney, and in fact have consulted with their respective counsel of record in this litigation.

11. **Severability and Choice of Law**

This Agreement shall be construed under the laws of the State of Illinois. To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally

unenforceable, Plaintiff and Defendants further agree that the remaining portions shall not be affected and shall be given full force and effect.

**12.     Merger Clause**

This Agreement contains all representations and warranties, express and implied, oral and written, of the Parties, and is the entire understanding and agreement between the Parties, with respect to the subject matters hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Party to any other Party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, tentative settlements, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded and replaced in total by this Agreement. This is an integrated agreement. This Agreement may not be altered or modified except by a writing signed by all Parties at the time of the alteration or modification.

**13.     Counterparts**

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by fax or electronic mail will have the same effect as the original signature.

**14.     Non-Assignment of Rights.**

The Parties represent and warrant that they have not assigned, sold, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever relating to any matter covered by this Agreement.

**15.     Court Retains Jurisdiction to Enforce Agreement**

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

*[This Space Intentionally Left Blank;
Signature Page to Follow]*

| | |
|---|---|
| ENRIQUE QUINTO | JORGE QUIROZ |
| _____ | _____ |
| Date: _____ | Date: _____ |
| Plaintiff | Plaintiff |
| JULIUS JOKIMAS | MJK SOUTH LOOP, INC. |
| _____ | Jorge Quiroz |
| Date: _____ | Date: 9-20-17 |
| Defendant | Defendant |

Page 6 of 6

ENRIQUE QUINTO

*[signature: Enrique Quinto]*

Date: 09/19/2017

Plaintiff

JORGE QUIROZ

_____

Date: _____

Plaintiff

JULIUS JOKIMAS

_____

Date: _____

Defendant

MJK SOUTH LOOP, INC.

_____

Date: _____

Defendant

ENRIQUE QUINTO

_____

Date: _____

Plaintiff

JORGE QUIROZ

_____

Date: _____

Plaintiff

JULIUS JOKIMAS

_____*[signature]*_____

Date: 09/27/2017

Defendant

MJK SOUTH LOOP, INC.

_____*[signature]*_____

Date: 09/27/2017

Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENRIQUE QUINTO and JORGE QUIROZ, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MJK SOUTH LOOP, INC. d/b/a SARPINO'S PIZZERIA, and JULIUS JOKIMAS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>) Case No. 1:16-cv-4597<br>)<br>) Honorable Judge Sara L. Ellis<br>)<br>) Magistrate Judge Kim<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

This matter comes before the Court on the Plaintiffs, Enrique Quinto and Jorge Quiroz's Motion for Entry of Consent Judgement, the Court being fully advised, it is hereby ordered as follows:

1. Judgment is entered against Defendants MJK South Loop, Inc. and Julius Jokimas and in favor of each Plaintiff in the amount of $10,500 less amounts previously paid.

2. To date, Defendants have made payments totaling $_____.

3. Thus, the total amount of this Consent Judgment is $_____.

Agreed:                                                                           Entered:

_____                                  _____
Julius Jokimas, on behalf of himself                              United States District Judge
and as President of MJK South Loop,
Inc.                                                                                      Dated: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ENRIQUE QUINTO and JORGE QUIROZ, on behalf of themselves and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>MJK SOUTH LOOP, INC. d/b/a SARPINO'S PIZZERIA, and JULIUS JOKIMAS,<br><br>               Defendants. | )<br>)<br>)<br>) Case No. 1:16-cv-4597<br>)<br>) Honorable Judge Sara L. Ellis<br>)<br>) Magistrate Judge Kim<br>)<br>)<br>)<br>)<br>) |

**AGREED DISMISSAL ORDER**

      THIS MATTER coming to be heard by agreement of the parties, all disputes having been settled and resolved, and the parties having executed a Settlement Agreement and General Release (the "Settlement Agreement"), dated September \_\_\_, 2017, a copy of which has been submitted to the Court for review, IT IS HEREBY ORDERED THAT:

      1.     The Court, having reviewed the parties' Settlement Agreement, hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to resolve all claims under the Illinois Minimum Wage Act and Fair Labor Standards Act that Plaintiffs have or could have asserted against the Defendants and other released parties in the above-captioned matter. The Court finds that: (a) the settlement amount as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of Plaintiffs' claims; (b) the settlement was reached pursuant to arms-length negotiations between the parties; and (c) the support for the settlement expressed by counsel for Plaintiffs and counsel for Defendant, who both have significant experience representing parties in actions involving wage claims, weigh in favor of approval of the Settlement Agreement.

2. This case is dismissed without prejudice, to automatically convert to a dismissal with prejudice on April 30, 2018 unless any motion to reinstate is filed on or before April 30, 2018.

ENTER:

_____

_____
Date